UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No.    4:22-cr-048 |
| | ) | |
| v. | ) | |
| | ) | **PLEA AGREEMENT** |
| KENNETH CHARLES CROOK, | ) | |
| Also known as, "Butch," | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America (also referred to as "the Government"),
Defendant, KENNETH CHARLES CROOK, also known as, "Butch," and Defendant's
attorney, enter into this Plea Agreement.

## A.   CHARGES

1.   <u>Subject Offense</u>.   Defendant will plead guilty to Count 1 of the
Indictment, that is, possession with intent to distribute a controlled substance, in
violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A).

2.   <u>No Charges to Be Dismissed</u>.   There are no charges to be dismissed.

## B.   MAXIMUM PENALTIES

3.   <u>Maximum and Mandatory Minimum Punishment</u>.   Defendant
understands that the crime to which Defendant is pleading guilty in Count 1 carries
a mandatory minimum sentence of at least ten (10) years in prison and a maximum
sentence of life in prison; a maximum fine of $10 million; and a term of supervised
release of at least five (5) years and up to life   A mandatory special assessment of
$100 per count must also be imposed by the Court. Defendant understands that the
Court may not impose a sentence less than the mandatory minimum sentence unless

GOVERNMENT
EXHIBIT

401

4:22-cr-065

PENGAD 800-631-6989

the Government files a motion for substantial assistance under 18 U.S.C. § 3553(e) or unless the Court finds that Defendant qualifies for safety valve under 18 U.S.C. § 3553(f).   No one has promised Defendant that Defendant will be eligible for a sentence of less than the mandatory minimum.

4.     <u>Supervised Release--Explained</u>.   Defendant understands that, during any period of supervised release or probation, Defendant will be under supervision and will be required to comply with certain conditions.   If Defendant were to violate a condition of supervised release, Defendant could be sentenced to not more than five (5) years in prison on any such revocation, without any credit for time previously served.

5.     <u>Detention</u>. Pursuant to the Mandatory Detention for Offenders Convicted of Serious Crimes Act (18 U.S.C. § 3143), Defendant agrees to remain in custody following the completion of the entry of Defendant's guilty plea to await the imposition of sentence.

## C.     NATURE OF THE OFFENSE -- FACTUAL BASIS

6.     <u>Elements Understood</u>.   Defendant understands that to prove the offense alleged under **Count 1 (Possession with Intent to Distribute a Controlled Substance)**, the Government would be required to prove beyond a reasonable doubt the following elements:

(a)     On or about the date charged, the defendant possessed methamphetamine;

(b)     The defendant knew that he possessed a controlled substance;

(c)     The defendant intended to distribute some or all of the methamphetamine; and

2

(d)   The amount the defendant possessed with the intent to distribute was 50 grams or more of methamphetamine.

7.   <u>Factual Basis</u>.   As a factual basis for Defendant's plea of guilty, Defendant admits the following:

(a)

(b)

8.   <u>Truthfulness of Factual Basis</u>.   Defendant acknowledges that the above statements are true. Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's attorney. Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.

9.   <u>Waiver of Rule 410 Rights</u>.   Defendant expressly waives Defendant's rights under Rule 410 of the Federal Rules of Evidence and agrees that all factual statements made in this Plea Agreement, including under the Factual Basis, are admissible against Defendant. Should Defendant fail to plead guilty pursuant to this Plea Agreement or move to withdraw Defendant's plea or to set aside Defendant's conviction, then these admissions may be used against Defendant in the Government's case-in-chief and otherwise, including during the continuing prosecution of this case.

10.   <u>Venue</u>.   Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

3

**D.     SENTENCING**

11.     <u>Sentencing Guidelines</u>.     Defendant understands that Defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law.   The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

(a)     The nature of the offense to which Defendant is pleading guilty;

(b)     The quantity of drugs involved;

(c)     Whether a dangerous weapon was possessed, with the parties stipulating as a recommendation to the District Court that the two-level upward adjustment should be applied under USSG §2D1.1(b)(1);

(d)     Defendant's role in the offense, with the parties stipulating as a recommendation to the District Court that neither an upward nor downward adjustment should be applied under USSG §3B1.1 and §3B1.2;

(e)     Whether Defendant recklessly fled from law enforcement;

(f)     Whether Defendant attempted to obstruct justice in the investigation or prosecution of the offense;

(g)     The nature and extent of Defendant's criminal history (prior convictions); and

(h)     Acceptance or lack of acceptance of responsibility.

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the guidelines, up to the maximum in the statute of conviction.   Defendant has discussed the Sentencing Guidelines with Defendant's attorney.

12.  <u>Acceptance of Responsibility</u>.  The Government agrees as a recommendation to the District Court that Defendant receive credit for acceptance of responsibility under USSG §3E1.1(a).  The Government reserves the right to oppose a reduction under §3E1.1(a) if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or otherwise fails to clearly demonstrate acceptance of responsibility.  If Defendant qualifies for a decrease under § 3E1.1(a), and the base offense level is 16 or above, as determined by the Court, the Government agrees to make a motion to the District Court that Defendant should receive an additional 1-level reduction under USSG §3E1.1(b), based on timely notification to the Government of Defendant's intent to plead guilty. The government may withhold this motion based on any interest identified in USSG § 3E1.1.

13.  <u>Presentence Report</u>.  Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report.  The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

14.  <u>Disclosure of Presentence Investigation Reports</u>. The United States District Court for the Southern District of Iowa has issued the following Administrative Order:

> The presentence investigation report is a sealed and confidential document. Unless specifically authorized by the district court, a defendant may not

disseminate, disclose, or distribute a presentence investigation report, or any part or page of a presentence investigation report, in either draft or final form. A defendant who violates this order, may be subject to prosecution for contempt of court under 18 U.S.C. § 401(3). This order does not apply to a defendant's review of a presentence investigation report with the defendant's own attorney.

Defendant acknowledges and understands this order.

15.    Evidence at Sentencing.   The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement.   Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

16.    Sentence to be Decided by Judge -- No Promises.   This Plea Agreement is entered pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure.   Defendant understands that the final sentence, including the application of the Sentencing Guidelines and any upward or downward departures, is within the sole discretion of the sentencing judge, and that the sentencing judge is not required to accept any factual or legal stipulations agreed to by the parties.   Any estimate of the possible sentence to be imposed, by a defense attorney or the Government, is only a prediction, and not a promise, and is not binding.   Therefore, it is uncertain at this time what Defendant's actual sentence will be.

17.    No Right to Withdraw Plea.   Defendant understands that Defendant will have no right to withdraw Defendant's plea if the sentence imposed, or the

application of the Sentencing Guidelines, is other than what Defendant anticipated, or if the sentencing judge declines to follow the parties' recommendations.

## E.     FINES, COSTS

18.     <u>Fines and Costs</u>.   Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

19.     <u>Special Assessment</u>.   Defendant agrees to pay the mandatory special assessment of $100 per count of conviction at or before the time of sentencing, as required by 18 U.S.C. § 3013.

## F.     LIMITED SCOPE OF AGREEMENT

20.     <u>Limited Scope of Agreement</u>.   This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement.   Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

21.     <u>Agreement Limited to Southern District of Iowa</u>.   This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## G.   WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS

22.   <u>Trial Rights Explained</u>.   Defendant understands that this guilty plea waives the right to:

     (a)   Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

     (b)   A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

     (c)   The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

     (d)   Confront and cross-examine adverse witnesses;

     (e)   Present evidence and to have witnesses testify on behalf of Defendant, including having the Court issue subpoenas to compel witnesses to testify on Defendant's behalf;

     (f)   Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

     (g)   If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

23.   <u>Waiver of Appeal and Post-Conviction Review</u>.   Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charges, or to the Court's entry of judgment against Defendant; except that both Defendant and the United States preserve the right to appeal any sentence imposed by the Court, to the extent that an appeal is authorized by law.   Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's

8

conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255. These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct.

## H.   VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL

24.   <u>Voluntariness of Plea</u>.   Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:

(a)   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

(b)   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

(c)   No one has threatened Defendant or Defendant's family to induce this guilty plea.

(d)   Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

25.   <u>Consultation with Attorney</u>.   Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

(a)   Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

(b)   Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the attorney has given.

(c)   Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own

decision.   Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## I.   GENERAL PROVISIONS

26.   <u>Entire Agreement</u>.   This Plea Agreement, and any attachments, is the entire agreement between the parties.   Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

27.   <u>Public Interest</u>.   The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

28.   <u>Execution/Effective Date</u>.   This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

29.   <u>Consent to Proceed by Video Conferencing.</u> Defendant consents to any proceedings in this case, to include plea and sentencing proceedings, being conducted by video or telephone technology, if the Court finds further delay would seriously harm the interests of justice. Defendant has had the opportunity to consult with Defendant's attorney about the use of video or telephone technology in this case.

## J.   SIGNATURES

30.   <u>Defendant</u>.   I have read all of this Plea Agreement and have discussed it with my attorney.   I fully understand the Plea Agreement and accept and agree to it without reservation.   I do this voluntarily and of my own free will.   No promises

have been made to me other than the promises in this Plea Agreement.   I have not been threatened in any way to get me to enter into this Plea Agreement.   I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case.   I am entering into this Plea Agreement and will enter my plea of guilty under this Plea Agreement because I committed the crime to which I am pleading guilty.   I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

| 8-26-22 | Kenneth C. Crook |
|---|---|
| Date | Kenneth Charles Crook |

31.   <u>Defendant's Attorney</u>.   I have read this Plea Agreement and have discussed it in its entirety with my client.   There is no Plea Agreement other than the agreement set forth in this writing.   My client fully understands this Plea Agreement.   I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal rights, and without any coercion or compulsion.   I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea.   I concur with my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

| 8/26/22 | Gary Dickey |
|---|---|
| Date | Gary Dickey |
|  | Attorney for Kenneth Charles Crook |

32.   <u>United States</u>.   The Government agrees to the terms of this Plea Agreement.

Richard D. Westphal
United States Attorney

8/30/2022
Date

By: _KM Herrera for_

Mikaela J. Shotwell
Assistant U.S. Attorney
U.S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Telephone:  515-473-9300
Telefax:  515-473-9292
E-mail: mikaela.shotwell@usdoj.gov

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:20-CR-105 |
| | ) | |
| v. | ) | |
| | ) | **PLEA AGREEMENT** |
| KHRISTA KAYE ERDMAN, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America (also referred to as "the Government"), Defendant, KHRISTA KAYE ERDMAN, and Defendant's attorney, enter into this Plea Agreement.

**A.   CHARGES**

1.   <u>Subject Offense.</u>   Defendant will waive Indictment (by executing a separate Waiver of Indictment form) and plead guilty to Count 1 of a United States Attorney's Information charging conspiracy to distribute methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846. Defendant also agrees to forfeiture of the cash listed in the Information.

2.   <u>Charges Being Dismissed.</u>   If the Court accepts this Plea Agreement, the Amended Indictment will be dismissed.

**B.   MAXIMUM PENALTIES**

3.   <u>Maximum and Mandatory Minimum Punishment.</u>   Defendant understands that the crime to which Defendant is pleading guilty in Count 1 of the Information carries a mandatory minimum sentence of at least ten (10) years in prison and a maximum sentence of life in prison; a maximum fine of $10 million; and

1



GOVERNMENT
EXHIBIT
**403**
4:22-cr-065

a term of supervised release of at least five (5) years and up to life. A mandatory special assessment of $100 per count must also be imposed by the Court. Defendant understands that the Court may not impose a sentence less than the mandatory minimum sentence unless the Government files a motion for substantial assistance under 18 U.S.C. § 3553(e) or unless the Court finds that Defendant qualifies for safety valve under 18 U.S.C. § 3553(f). No one has promised Defendant that Defendant will be eligible for a sentence of less than the mandatory minimum.

4.   <u>Supervised Release--Explained.</u>   Defendant understands that, during any period of supervised release or probation, Defendant will be under supervision and will be required to comply with certain conditions. If Defendant were to violate a condition of supervised release, Defendant could be sentenced to not more than five (5) years in prison, without any credit for time previously served.

5.   <u>Detention.</u>   Pursuant to the Mandatory Detention for Offenders Convicted of Serious Crimes Act (18 U.S.C. § 3143), Defendant agrees to remain in custody following the completion of the entry of Defendant's guilty plea to await the imposition of sentence.

## C.   NATURE OF THE OFFENSE – FACTUAL BASIS

6.   Defendant understands that to prove the offense alleged under **Count 1 (conspiracy to distribute methamphetamine)** the Government would be required to prove beyond a reasonable doubt the following elements:

(a)   On or about the dates charged, two or more persons reached an agreement or came to an understanding to distribute methamphetamine;

2

(b)   Defendant knowingly and voluntarily joined in the agreement or understanding, either at the time it was reached or at some later time while it was still in effect;

(c)   At the time Defendant joined in the agreement, she knew the purpose of the agreement or understanding was to distribute methamphetamine; and

(d)   The agreement or understanding involved 50 grams or more of methamphetamine.

7.   <u>Factual Basis.</u>   As a factual basis for Defendant's plea of guilty, Defendant admits the following:

(a)



(b)

(c)

(d)

(e)

8.   <u>Truthfulness of Factual Basis.</u>   Defendant acknowledges that the above statements are true. Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the

3

offense to which Defendant is pleading guilty, in the presence of Defendant's attorney. Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.

9.      <u>Waiver of Rule 410 Rights.</u>   Defendant expressly waives Defendant's rights under Rule 410 of the Federal Rules of Evidence and agrees that all factual statements made in this plea agreement, including under the Factual Basis, are admissible against Defendant. Should Defendant fail to plead guilty pursuant to this plea agreement or move to withdraw his plea or to set aside Defendant's conviction, then these admissions may be used against Defendant in the Government's case-in-chief and otherwise, including during the continuing prosecution of this case.

10.      <u>Venue.</u>   Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

## D.    SENTENCING

11.      <u>Sentencing Guidelines.</u>   Defendant understands that Defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law.   The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

    (a)   The nature of the offense to which Defendant is pleading guilty;

    (b)   The quantity of drugs involved, with the parties stipulating as a recommendation to the District Court that the methamphetamine and cash Defendant possessed on October 1, 2021, should be considered relevant conduct under USSG §1B1.3;

    (c)   Defendant's role in the offense;

(d)     Whether Defendant attempted to obstruct justice in the investigation or prosecution of the offense;

(e)     The nature and extent of Defendant's criminal history (prior convictions); and

(f)     Acceptance or lack of acceptance of responsibility.

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the guidelines, up to the maximum in the statute of conviction.   Defendant has discussed the Sentencing Guidelines with Defendant's attorney.

12.     <u>Acceptance of Responsibility.</u>   The Government agrees to recommend that Defendant receive credit for acceptance of responsibility under USSG §3E1.1. The Government reserves the right to oppose a reduction under §3E1.1 if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or otherwise engages in conduct not consistent with acceptance of responsibility.   If the base offense level is 16 or above, as determined by the Court, the Government agrees that Defendant should receive a 3-level reduction, based on timely notification to the Government of Defendant's intent to plead guilty.

13.     <u>Presentence Report.</u>   Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report.   The parties are free to provide all relevant

information to the Probation Office for use in preparing a Presentence Report.

14.    Disclosure of Presentence Investigation Reports. The United States District Court for the Southern District of Iowa has issued the following Administrative Order:

> The presentence investigation report is a sealed and confidential document. Unless specifically authorized by the district court, a defendant may not disseminate, disclose, or distribute a presentence investigation report, or any part or page of a presentence investigation report, in either draft or final form. A defendant who violates this order, may be subject to prosecution for contempt of court under 18 U.S.C. § 401(3). This order does not apply to a defendant's review of a presentence investigation report with the defendant's own attorney.

Defendant acknowledges and understands this order.

15.    Evidence at Sentencing.  The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement.   Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

16.    Sentence to be Decided by Judge -- No Promises.   This Plea Agreement is entered pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure.   Defendant understands that the final sentence, including the application of the Sentencing Guidelines and any upward or downward departures, is within the sole discretion of the sentencing judge, and that the sentencing judge is not required to accept any factual or legal stipulations agreed to by the parties.   Any

6

estimate of the possible sentence to be imposed, by a defense attorney or the Government, is only a prediction, and not a promise, and is not binding.   Therefore, it is uncertain at this time what Defendant's actual sentence will be.

17.   <u>No Right to Withdraw Plea.</u>   Defendant understands that Defendant will have no right to withdraw Defendant's plea if the sentence imposed, or the application of the Sentencing Guidelines, is other than what Defendant anticipated, or if the sentencing judge declines to follow the parties' recommendations.

**E.   FORFEITURE, FINES, AND COSTS**

18.   <u>Forfeiture.</u>   Defendant agrees to forfeiture of the property identified in the Information, including approximately $1,318 in cash seized on July 19, 2018; and approximately $16,000 in cash seized on October 1, 2021.   Defendant will execute any documents as directed by the Government to complete the forfeiture.

19.   <u>Waivers Regarding Forfeiture.</u>   Defendant waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds.   Defendant further agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive Defendant notwithstanding the abatement of any underlying criminal conviction after execution of this Plea Agreement.   The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

20.     Consent to Judgment of Forfeiture.     Defendant agrees to waive all
interest in assets subject to this Plea Agreement in any administrative or judicial
forfeiture proceeding, whether criminal or civil, state or federal.   Defendant agrees
to consent to the entry of orders of forfeiture for such property and waives the
requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice
of the forfeiture in the charging instrument, announcement of the forfeiture at
sentencing, and incorporation of the forfeiture in the judgment.     Defendant
understands that the forfeiture of assets is part of the sentence that may be imposed
in this case.

21.     Fines and Costs.   Issues relating to fines and/or costs of incarceration
are not dealt with in this agreement, and the parties are free to espouse their
respective positions at sentencing.

22.     Special Assessment.   Defendant agrees to pay the mandatory special
assessment of $100 at or before the time of sentencing, as required by 18 U.S.C.
§ 3013.

**F.     LIMITED SCOPE OF AGREEMENT**

23.     Limited Scope of Agreement.   This Plea Agreement does not limit, in
any way, the right or ability of the Government to investigate or prosecute Defendant
for crimes occurring outside the scope of this Plea Agreement.   Additionally, this
Plea Agreement does not preclude the Government from pursuing any civil or
administrative matters against Defendant, including, but not limited to, civil tax

matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

24.  Agreement Limited to Southern District of Iowa.  This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## G.  WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS

25.  Trial Rights Explained.  Defendant understands that this guilty plea waives the right to:

(a)  Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

(b)  A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

(c)  The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

(d)  Confront and cross-examine adverse witnesses;

(e)  Present evidence and to have witnesses testify on behalf of Defendant, including having the Court issue subpoenas to compel witnesses to testify on Defendant's behalf;

(f)  Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

(g)  If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

26.     Waiver of Appeal and Post-Conviction Review.   Defendant knowingly
and expressly waives any and all rights to appeal Defendant's conviction in this case,
including a waiver of all motions, defenses and objections which Defendant could
assert to the charge(s), or to the Court's entry of judgment against Defendant; except
that both Defendant and the United States preserve the right to appeal any sentence
imposed by the Court, to the extent that an appeal is authorized by law.   Also,
Defendant knowingly and expressly waives any and all rights to contest Defendant's
conviction   and   sentence   in   any   post-conviction   proceedings,   including   any
proceedings under 28 U.S.C. § 2255.   These waivers are full and complete, except
that they do not extend to the right to appeal or seek post-conviction relief based on
grounds of ineffective assistance of counsel or prosecutorial misconduct.

## H.     VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL

27.     Voluntariness of Plea.   Defendant represents that Defendant's decision
to plead guilty is Defendant's own, voluntary decision, and that the following is true:

(a)     Defendant has had a full opportunity to discuss all the facts and
circumstances of this case with Defendant's attorney, and
Defendant has a clear understanding of the charges and the
consequences of this plea, including the maximum penalties
provided by law.

(b)     No one has made any promises or offered any rewards in return
for this guilty plea, other than those contained in this written
agreement.

(c)     No one has threatened Defendant or Defendant's family to induce
this guilty plea.

(d)     Defendant is pleading guilty because in truth and in fact
Defendant is guilty and for no other reason.

10

28.   <u>Consultation with Attorney.</u>   Defendant has discussed this case and
this plea with Defendant's attorney and states that the following is true:

(a)   Defendant states that Defendant is satisfied with the
representation provided by Defendant's attorney.

(b)   Defendant has no complaint about the time or attention
Defendant's attorney has devoted to this case nor the advice the
attorney has given.

(c)   Although Defendant's attorney has given Defendant advice on
this guilty plea, the decision to plead guilty is Defendant's own
decision.   Defendant's decision to enter this plea was made after
full and careful thought, with the advice of Defendant's attorney,
and with a full understanding of Defendant's rights, the facts and
circumstances of the case, and the consequences of the plea.

## I.   GENERAL PROVISIONS

29.   <u>Entire Agreement.</u>   This Plea Agreement, and any attachments, is the
entire agreement between the parties.   Any modifications to this Plea Agreement
must be <u>in writing</u> and signed by all parties.

30.   <u>Public Interest.</u>   The parties state this Plea Agreement is in the public
interest and it takes into account the benefit to the public of a prompt and certain
disposition of the case and furnishes adequate protection to the public interest and is
in keeping with the gravity of the offense and promotes respect for the law.

31.   <u>Execution/Effective Date.</u>   This Plea Agreement does not become valid
and binding until executed by each of the individuals (or their designated
representatives) shown below.

32.   <u>Consent to Proceed by Video Conferencing.</u> Defendant consents to any
proceedings in this case, to include plea and sentencing proceedings, being conducted

by video or telephone technology, if the Court finds further delay would seriously harm the interests of justice. Defendant has had the opportunity to consult with Defendant's attorney about the use of video or telephone technology in this case.

## J.   SIGNATURES

33.   <u>Defendant.</u>   I have read all of this Plea Agreement and have discussed it with my attorney.   I fully understand the Plea Agreement and accept and agree to it without reservation.   I do this voluntarily and of my own free will.   No promises have been made to me other than the promises in this Plea Agreement.   I have not been threatened in any way to get me to enter into this Plea Agreement.   I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case.   I am entering into this Plea Agreement and will enter my plea of guilty under this Agreement because I committed the crime to which I am pleading guilty.   I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

11/10/21
Date

Khrista Kaye Erdman

34.   <u>Defendant's Attorney.</u>   I have read this Plea Agreement and have discussed it in its entirety with my client.   There is no Plea Agreement other than the agreement set forth in this writing.   My client fully understands this Plea Agreement.   I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of

12

Defendant's legal rights, and without any coercion or compulsion.   I have had full

access to the Government's discovery materials, and I believe there is a factual basis

for the plea.   I concur with my client entering into this Plea Agreement and in

entering a plea of guilty pursuant to the Plea Agreement.

11/10/2021

Date

Dennis McKelvie
Attorney for Khrista Kaye Erdman

35.   United States.   The Government agrees to the terms of this Plea

Agreement.

Richard D. Westphal
Acting United States Attorney

11/19/2021

Date

By:

Mikaela J. Shotwell
Assistant U.S. Attorney
U.S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Telephone: (515) 473-9300
Telefax: (515) 473-9292
E-mail: mikaela.shotwell@usdoj.gov

# CLERK OF IOWA DISTRICT COURT

## CLERK'S CERTIFICATE

**05771 FECR250425**
**STATE VS JAMES ALAN BENNETT**

IN THE IOWA DISTRICT COURT, POLK COUNTY,

I, Anne M. Sheeley, Clerk of Iowa District Court in and for Polk County, the same being a Court of Record, having a Seal, and having exercising general original jurisdiction in court proceedings, do hereby certify that I am the proper custodian of all the books, papers, records, files and documents of or appertaining to said Court, and of the Seal thereof.

I further certify that I have carefully compared the annexed copy of:

Criminal Complaint x3, Trial Information, Order RE: Guilty Plea and Immediate Imprisonment (Waive PSI Use)

with the original record and files of this office, and that the same is a true and correct copy therefrom, and the whole of such original records and papers.



IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of said Court, at Des Moines, in said County and State, this 19th day of October, 2022.

**Anne M. Sheeley**

POLK COUNTY CLERK OF COURT

Designee

GOVERNMENT
EXHIBIT

405

4:22-cr-065

PENGAD 800-631-6989

1 of 1

005684

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY
*PRELIMINARY COMPLAINT*

STATE OF IOWA,
    Plaintiff,

vs.

JAMES ALAN BENNETT
    Defendant

Court Case No. FE250425
Date of Arrest _____
Soc. Sec. No. _____
D.L. # _____
Date of Birth _____ 84
Sex: M   Hgt: 5'11"   Eyes: BROWN
Race: W   Wgt: 225   Hair: BROWN





# IN THE IOWA DISTRICT COURT FOR POLK COUNTY

**STATE OF IOWA,**

Plaintiff,

vs.

**JAMES A. BENNETT**

Defendants.

**CRIMINAL NO. FECR250425;**
**FECR250779**

**TRIAL INFORMATION**

COUNT II    **MANUFACTURING A CONTROLLED SUBSTANCE, in violation of Section 124.401(1)(c)(6) of the Code of Iowa**; and charges that the above-named Defendants on or about September 6, 2011, in the County of Polk and State of Iowa, committed or aided and abetted in the commission of Manufacturing a Controlled Substance by unlawfully manufacturing a Schedule II Controlled Substance, to wit: methamphetamine. **(A CLASS C FELONY)**

COUNT III   **POSSESSION OF EPHEDRINE OR PSEUDOEPHEDRINE WITH INTENT IT BE USED TO MANUFACTURE A CONTROLLED SUBSTANCE, in violation of Section 124.401(4) of the Code of Iowa**; and charges that the above-named Defendants between the dates of July 11, 2011 and September 5, 2011, in the County of Polk and State of Iowa, committed or aided and abetted in the commission of Possession of Ephedrine or Pseudoephedrine With Intent it be used to Manufacture a Controlled Substance by unlawfully possessing ephedrine or pseudoephedrine with intent it be used to manufacture a controlled substance, to wit: methamphetamine. **(A CLASS D FELONY)**

**OPEN BY COURT ORDER ONLY**

**THIS IS A TRUE INFORMATION.**
JOHN P. SARCONE, POLK COUNTY ATTORNEY

By _____

**STEPHAN K. BAYENS**, AT0000748
Assistant Polk County Attorney

005689

Dated this 27 day of Oct , 20 11 .

**JUDGE, FIFTH JUDICIAL DISTRICT OF IOWA**

Copy of Information and Minutes received this 3 day of November ,
20 11 .

Defendant/Attorney for Defendant

FILED
POLK COUNTY, IA
2011 OCT 27 PM 2: 17
CLERK DISTRICT COURT

005690

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| **STATE OF IOWA**<br>    **Plaintiff,** | **CASE NO. FECR250425** |
| **vs.** | **ORDER RE: GUILTY PLEA AND**<br>**IMMEDIATE IMPRISONMENT**<br>**(WAIVE PSI USE)** |
| **JAMES A. BENNETT,** | |
|     **Defendant.** | |

This matter now comes before the Court. The defendant appears in Court in person and with his/her attorney, Shane Michael. The State of Iowa was present and represented by Assistant Polk County Attorney, Mark Taylor. The defendant withdraws his/her former plea of not guilty and enters a plea of guilty to the charge(s) of Manufacturing a Controlled Substance-methamphetamine, as alleged in Count II of the Trial Information, in violation of Iowa Code section(s) 124.401(1)( c )(6), a Class C Felony and Possession of Ehpedrine or Pseudoephedrine with Intent it be used to Manufacture a Controlled Substance, as alleged in Count III of the Trial Information, in violation of Iowa Code Sections 124.401(4), a Class D Felony.

By direct conversation with the defendant on the record, the Court finds that the defendant understands the charge, its penal consequences, and the rights being waived. The Court finds that there is a factual basis for the plea and that the plea is voluntary.

Defendant's plea of guilty is accepted. The defendant is advised of and waives his/her rights to file a motion in arrest of judgment, and to a delay before sentencing, and asks for immediate sentencing. The defendant is advised of the right to a Pre-sentence investigation under Chapter 901 of the Iowa Code and asks the Court to waive its use. The Court waives the use of the Pre-sentence Investigation as requested by the defendant in as much as the defendant, as part of the plea agreement, agrees to be sentenced to prison. On inquiry made, no legal cause has been shown why sentence should not be pronounced.

**IT IS THE JUDGEMENT OF THE COURT** that defendant is adjudged guilty of the crime(s) of Manufacturing a Controlled Substance-methamphetamine, as alleged in Count II of the Trial Information, in violation of Iowa Code section(s) 124.401(1)( c )(6), a Class C Felony and Possession of Ehpedrine or Pseudoephedrine with Intent it be used to Manufacture a Controlled Substance, as alleged in Count III of the Trial Information, in violation of Iowa Code Sections 124.401(4), a Class D Felony.

The defendant shall be imprisoned for a period not to exceed ███████

PSI
HC 5-10

Drug/plea –sentence-prison-waive psi – 3rd

005691



Drug/plea –sentence-prison-waive psi – 3rd

005692



**SO ORDERED this 10 day of May 2012.**



Michael D. Huppert, JUDGE
Fifth Judicial District of Iowa

Copies to:
County Attorney - Taylor
Defense Attorney -Michael
Defendant-Bennett
Polk County Sheriff (3 Certified)
Director, Iowa Department of Corrections – Oakdale
Fifth Judicial District Department of Correctional Services, PSI
Criminal Court Administration – Janice Cooney
Polk County Jail

| Clerk | J | C | U | X | |
|-------|---|---|---|---|---|

Drug/plea –sentence-prison-waive psi – 3rd